UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KEITH WADE LARGE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-224-HSM-HBG |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Now before the Court is the Plaintiff's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 11 & 12] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 13 & 14]. Keith Wade Large ("Large") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner").

### I.  BACKGROUND

In August 2012, Plaintiff applied for disability insurance benefits and supplemental security income (Tr. 175-82). He first applied for these benefits in March 2011, alleging disability as of April 2008, but in a July 2012 decision, the Administrative Law Judge (ALJ) found that Plaintiff was not "disabled" under the Act (Tr. 10, 53-65). In his current claim, Plaintiff alleges disability as of July 28, 2012, due to limitations from anxiety, depression, and post-traumatic stress disorder (PTSD) (Tr. 175, 177, 193-204). Plaintiff's claims were denied initially (Tr. 137-40), and

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

on reconsideration (Tr. 142-45).

In April 2014, an ALJ conducted a hearing, and on December 2014, the ALJ rendered his decision ("the Decision") (Tr. 10-23). In the Decision, the ALJ found that there was no new and material evidence to warrant a different conclusion as to ALJ's previous findings regarding Plaintiff's past relevant work, date of birth, education, and residual functional capacity (RFC) (Tr. 19-22). Therefore, he adopted the ALJ's previous finding that Plaintiff retained the RFC to perform light work as defined in the regulations with additional postural and mental restrictions (Tr. 15, 60). The Decision also adopted the prior step four finding that Plaintiff could not perform his past relevant work as a paramedic, and his step five finding that there was "other work" that Plaintiff could perform, including the representative occupations of housekeeping cleaner, laundry folder, and folder (Tr. 21-22). Consequently, the ALJ found that Plaintiff was not "disabled" under the Act from July 28, 2012 through December 5, 2014 (Tr. 23). In March 2016, the agency's Appeals Council denied Plaintiff's request for review (Tr. 1-4). Thus, the Decision stands as the "final decision" of the Commissioner subject to judicial review.

Large was 44 years of age when the ALJ issued the Decision in this case (Tr. 32). He completed two years of college, as well as paramedic school. Large worked as a paramedic from 1994 to 2008 (Tr. 195). He claims disability beginning in July 2008 based on "anxiety, depression, and PTSD" (Tr. 194).

At the hearing before the ALJ, the Plaintiff testified that his work as a paramedic ("EMT") ended – not because of his disability – but because he was fired for stealing medications (Tr. 35). He then did not take the steps necessary to keep his license to work as a paramedic (Tr. 35):

> Q. (by the ALJ): And are you eligible to get your [paramedic] license back if you applied?

2

> A. It was sent to the State to where I'd have to do like a rehab, and I couldn't be away from my autistic son, so I never went through the rehab, so I let my license run out.

(Tr. 35).

He also testified that his disability is based on mental and emotional problems, and some days anxiety, depression, and PTSD (Tr. 36):

> Q. (by the ALJ): So are you claiming that you're disabled due to any physical problems or mainly emotional?
>
> A. Mainly mental.

(Tr. 36).

As for mental issues, the Plaintiff testified that he loses his temper, has concentration problems, and headaches (Tr. 39). Finally, Large testified that his son receives disability benefits, and that Large's parents help take care of him (Tr. 32, 36).

The Court has considered the medical evidence in the record, the testimony at the hearings, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## I.     STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial

evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

III. ANALYSIS

Large's claim before this Court is that the ALJ erred by giving little weight to the opinions

4

of two psychiatrists and a psychologist, all of whom stated that Large was unable to handle the kind of stress one might encounter in an ordinary work environment. In this regard, Large argues that the ALJ did not follow the treating source rule. Specifically, Plaintiff argues that the ALJ erred in evaluating the opinions of his treating sources Shirley Tretham, M.D., R. Jeffrey Munson, Ph.D., and Catherine Gyurik, M.D. These sources all offered opinions on the restrictions from Plaintiff's mental impairments (Tr. 600-01, 634-36, 645-48, 650-51, 654-55).

The Court agrees with the Plaintiff that the ALJ will give controlling weight to a treating source's opinion in most cases. However, this deference is only afforded when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* 20 C.F.R. § 404.1527; SSR 96-2p. If the ALJ does not give the opinion controlling weight, the ALJ determines the appropriate weight to afford the opinion by evaluating the following factors: length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-45 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527). The regulations state that the agency "will always give good reasons. . . for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (the Commissioner is required to provide "good reasons" for discounting the weight given to a treating source opinion). "These reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Gayheart*, 710 F.3d at 376 (quoting SSR 96-2p). "This procedural requirement 'ensures

that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'" *Id.* (quoting *Wilson*, 378 F.3d at 544).

In the present case, the Court finds that the ALJ reasonably evaluated the opinions of Drs. Trentham, Munson, and Gyurik, and gave "good reasons" for the weight afforded to their opinions. The ALJ gave Dr. Trentham's assessment little weight, because the ALJ found it to be too restrictive based on her own treatment notes (Tr. 20). He discussed that her records indicated Large was generally doing well with treatment, with occasional changes and adjustment in his medications from July 2012 through November 2013 (Tr. 20, 577-84, 657-75, 684, 687, 689-92, 694-97). The ALJ considered the opinions of Dr. Munson and Dr. Gyurik and found that they were generally consistent with the RFC, which included significant limitations related to moderate restrictions in mental functioning (Tr. 21). However, the ALJ found that their opinions that Large had marked or extreme limitations were not consistent with treatment records that indicated Large was generally doing well on medications (Tr. 21, 577-84, 657-75, 684, 687, 689-92, 694-97). Overall, the ALJ did give their opinions weight, as they were somewhat consistent with the RFC (Tr. 21).

Plaintiff argues that the ALJ's only reason for discounting the treating source opinions was that they were inconsistent with the treatment notes. The Court finds, however, that the ALJ reasonably considered that the opinions were inconsistent with the treatment records. The ALJ discussed Plaintiff's treatment for depression and anxiety since November 2007, and his diagnosis of PTSD in January 2012 (Tr. 18). The ALJ noted that treatment records from Helen Ross McNabb Center revealed that Large did well on his medications from February through July 2012 (Tr. 18, 404-22, 585-93). The ALJ discussed specific subjective reports and mental status examination findings from Plaintiff's October 2012, January 2013, April 2013, July 2013, September 2013,

November 2013, December 2013, January 2014, March 2014 and April 2014 examinations (Tr. 18-19, 577-84, 657-75, 684, 687, 689-92, 694-97). The ALJ accurately summarized Plaintiff's mental health treatment notes and recognized that Large had limitations from his mental impairments (Tr. 19). The Court finds that the treatment records did not support the marked and extreme limitations opined by Dr. Trentham, Dr. Munson, and Dr. Gyurik (Tr. 20-21).

The Court further finds that the ALJ explained that he gave "little weight" to Dr. Trentham's opinion and "great weight" to the opinions of Dr. Munson and Dr. Gyurik (Tr. 20-21). Moreover, additional substantial evidence supports this conclusion. The Plaintiff managed his basic activities of daily living and took care of his autistic son (Tr. 19). Large's daily activities, including his responsibility as a caregiver for his autistic son, were additional inconsistencies that the ALJ could point to as "good reasons" for discrediting a treating source's opinion. *See Miller v. Comm'r of Soc. Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013) (holding that the treating source's opinion that the claimant had marked limitations in mental functioning was inconsistent with the treatment records, evidence of the claimant's daily activities, and the claimant's part-time employment).

The Sixth Circuit, in a recent opinion, affirmed this analysis in a similar case. In *Mueller v. Comm'r of Soc. Sec.*, No. 16-6527, 2017 WL 1065550 (6th Cir. March 21, 2017), the plaintiff argued that the ALJ failed to give good reasons for affording little weight to the medical opinion of plaintiff's treating psychiatrist, Dr. Maitra. Dr. Maitra opined that the plaintiff's mental impairments were so severe that the plaintiff would miss work frequently and be unable to perform any work on a consistent basis. The ALJ, however, gave little weight to Dr. Maitra's opinion, because the opinion was inconsistent with Dr. Maitra's treatment notes from the relevant period which showed that the plaintiff "responded well to her medications." And moreover, as in the

7

present case, Dr. Maitra's opinion was contradicted by the evidence of the plaintiff's daily activities. The Sixth Circuit concluded that the evidence that the ALJ relied on in discounting Dr. Maitra's opinion also constitutes substantial evidence to support the RFC and the finding of not disabled.

**IV.     CONCLUSION**

The Court concludes that the Decision is well supported by substantial evidence and must be affirmed. Based upon the foregoing, it is hereby **ORDERED** that the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 11**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 13**] be **GRANTED.** The Clerk of Court will be directed to **CLOSE** this case.

**A SEPARATE JUDGMENT WILL ENTER.**

　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE